IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RIKKI JAMES, et al., <br><br> Plaintiffs, <br><br> v. <br><br> IMONEY TOOLS, LLC dba TRANONT, a Utah limited liability company, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING WITHDRAWAL** <br><br> Case No. 2:24-cv-00522-RJS-JCB <br><br> District Judge Robert J. Shelby <br><br> Magistrate Judge Jared C. Bennett |

Before the court is Plaintiffs' counsel's Motion to Withdraw as Counsel (Motion).[1] For the reasons explained below, the court GRANTS the Motion.

## BACKGROUND

This action concerns dietary supplements allegedly contaminated with harmful levels of heavy metals.[2] After the court denied Defendant iMoney Tools, LLC dba Tranont's Motion to Dismiss on May 5, 2025,[3] Tranont answered the Amended Complaint and brought several counterclaims against Plaintiffs, which Plaintiffs answered in turn.[4] The case then proceeded to discovery. On September 5, 2025, Tranont filed a Motion to Compel the production of certain documents identified in Plaintiffs' Initial Disclosures.[5] Plaintiffs' counsel filed the Motion seeking withdrawal on September 18, 2025, citing "irreconcilable differences" with some

---

[1] Dkt. 57, *Motion to Withdrawal* [sic] *as Counsel* (*Motion*).

[2] *See* Dkt. 27, *Second Amended Complaint*.

[3] Dkt. 42, *Memorandum Decision and Order*.

[4] Dkt. 44, *Answer to Plaintiffs' Second Amended Complaint and Counterclaim*; Dkt. 45, *Amended Counterclaim*; Dkt. 46, *Plaintiff's and Counter Defendant's* [sic] *Answer to Counterclaim*.

[5] Dkt. 52, *Short Form Discovery Motion to Compel Plaintiffs' Production of Documents Identified in Initial Disclosures and for Expedited Consideration* (*Motion to Compel*).

Plaintiffs and "other professional considerations."[6] The Motion is fully briefed and ripe for review.[7]

## LEGAL STANDARD

District courts in the Tenth Circuit have discretion to grant or deny a motion to withdraw in a civil case.[8] Under the Local Rules of Civil Practice for the District of Utah, "an attorney may not withdraw in a pending action without leave of the court" when another attorney has not yet entered an appearance.[9] An attorney seeking to withdraw in this context must file a motion including the following:

> (A) the reason for withdrawal or a statement that disclosing the reason for withdrawal would violate the rules of professional conduct;
>
> (B) the party's last-known contact information including mailing address, email address, and telephone number or an explanation why the information is unavailable;
>
> (C) a statement of whether the party does or does not consent to the withdrawal;
>
> (D) the status of the case including any pending motions, the dates and times of any scheduled hearings, and requirements under any existing court orders or rules;
>
> . . .
>
> (F) a certification that the motion was filed and served on all parties or, if applicable, an explanation why a party cannot be notified about the motion; and
>
> (G) a proposed order for the court, available on the website, attached as an exhibit, that notifies the party who will be without an attorney:
>
>> (i) that within 21 days, they must retain an attorney or proceed without an attorney and file a Notice of Appearance; . . . and

---

[6] *Motion* at 2.

[7] Dkt. 59, *Response to Motion to Withdrawal as Counsel* (*Opposition*); Dkt. 60, *Reply in Support of Motion to Withdrawal as Counsel* (*Reply*).

[8] *See Abell v. Babbitt*, No. 98-2315, 1999 WL 215403, at *2 (10th Cir. Apr. 14, 1999).

[9] DUCivR 83-1.4(b).

      (iii) that a party who fails to retain an attorney or file a Notice of Appearance may be subject to sanctions including entry of a default judgment or an order of dismissal.[10]

After an attorney withdraws, a case is generally stayed for twenty-one days.[11] Within that twenty-one day period, "an attorney must file an appearance on behalf of an individual whose attorney has withdrawn or, if the individual intends to proceed without an attorney, the individual must file a Notice of Appearance."[12] Where an unrepresented party fails to appear within twenty-one days, the party "may be sanctioned under Fed. R. Civ. P. 16(f)(1), including entry of a default judgment or an order of dismissal."[13]

## ANALYSIS

As required under Local Rule 83-1, Plaintiffs' counsel (A) state they seek withdrawal due to "irreconcilable differences" with Plaintiffs and "other professional considerations;" (B) provide Plaintiffs' last known contact information; (C) note they have not obtained Plaintiffs' consent; (D) acknowledge the hearing scheduled for October 6, 2025 on Defendant's Initial Disclosures Motion to Compel; (F) certify they served Plaintiffs a copy of the Motion to Withdraw; and (G) include the required proposed form order.[14]

In Opposition, Tranont argues the court should grant the Motion to Compel and require Plaintiffs to provide the documents identified in their Initial Disclosures before granting withdrawal.[15] In Tranont's view, this proposal constitutes a "reasonable" way forward in light of

---

[10] *Id.* 83-1.4(b)(2).

[11] *See id.* 83-1.4(c)(1).

[12] *Id.* 83-1.4(c)(2).

[13] *Id.* 83-1.4(d).

[14] *Motion* at 2–4.

[15] *See Opposition*.

counsel's "obligations inherent in agreeing to represent a party" that will minimize prejudice to Tranont resulting from the inevitable delay after withdrawal.[16]

The court is mindful that withdrawal will further delay this case. But Plaintiffs' counsel argue "any continued representation" would be "extremely challenging" given their irreconcilable differences with certain Plaintiffs.[17] Under these circumstances, where the court seeks to avoid ordering Plaintiffs' counsel to engage in conduct that may require them to violate their professional obligations, the court will permit Plaintiffs' counsel to withdraw.[18] Accordingly, the court will grant the Motion and stay this action for twenty-one days. If Plaintiffs have not (1) retained an attorney or (2) elected to proceed without an attorney and filed a Notice of Appearance by October 29, 2025, Tranont may seek appropriate relief.

## CONCLUSION

For the reasons explained above, the court GRANTS the Motion.[19] The court further stays this action for twenty-one days. The Clerk of Court is directed to send this Memorandum Decision and Order to Plaintiffs at the addresses set forth in the Motion.

SO ORDERED this 8th day of October 2025.

BY THE COURT:

ROBERT J. SHELBY
United States District Judge

---

[16] *Id.* at 5–6.

[17] *Reply* at 2.

[18] The court acknowledges Tranont's argument that Plaintiffs may lack evidence supporting their claims. *Opposition* at 3. If true, the court is prepared to initiate an inquiry considering whether Plaintiffs' counsel had an adequate basis for signing the pleadings under Federal Rule of Civil Procedure 11.

[19] Dkt. 57.